U.S. DISTRICT COURT
Southern District of Georgia
Filed in Office
10:00 A.M.
Nov 29, 20 09
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

NATHANIEL SMITH THURSTON, JR.,

Petitioner,

vs.

DEBORAH A. HICKEY, Warden,
and BUREAU OF PRISONS,

Respondents.

CIVIL ACTION NO.: CV209-046

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Nathaniel Smith Thurston ("Petitioner"), an inmate currently confined at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Petitioner filed a Traverse. For the reasons which follow, Petitioner's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Petitioner is currently serving a sentence of 260 months for bank robbery in violation of 18 U.S.C. § 2113(d) and possession of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 934(c). (CR92-727, S.D. Fla.).

In the instant petition, Petitioner asserts that his placement in administrative segregation for twelve days violated his due process rights and constituted cruel and unusual punishment. (Doc. No. 1, pp. 2-3). He also asserts that his confinement in a

triple cell prior to his release back to general population constituted cruel and unusual punishment. (Id. at 3-4). Petitioner requests "federal claim damages, civil injury damages, and injunctive relief." (Id. at 1). Respondents claim that Petitioner's claim should be construed as a civil rights claim.

## DISCUSSION AND CITATION TO AUTHORITY

Courts should look beyond the terminology used in a pleading to its actual content before deciding the true nature of that pleading. See Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982). A writ of habeas corpus is the means by which a prisoner may challenge the legality of his confinement. As noted by the United States Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Habeas actions are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, would shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim. Edwards v. Balisok, 520 U.S. 641, 645-46 (1997); Heck v. Humphrey, 512 U.S. 477 (1994). In contrast, claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, placement in a three-man cell, are civil rights actions, not habeas actions. See generally, Farmer v. Brennan, 511 U.S. 825 (1994); Abello v. Rubino, 63 F.3d 1063 (11th Cir. 1995).

AO 72A
(Rev. 8/82)

2

Petitioner filed this cause of action pursuant to 28 U.S.C. § 2241. (Doc. No. 1, p. 1). Petitioner avers that he was subject to Eight Amendment violations and Fifth Amendment Due Process violations when he was placed in administrative segregation and housed in a three-man cell. (Doc. No. 1, pp. 2-4). Petitioner claims he experienced "physical, mental and emotional" distress from the triple cell confinement conditions.

The true nature of Petitioner's contentions appears to be based upon alleged civil rights violations. See Fernandez-Roque, 671 F.2d at 429. As such, these contentions properly lie within the purview of 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which authorize an inmate to bring claims for a violation of his constitutional rights by a federal actor. Should Petitioner wish to pursue his civil rights claims, he may do so by filing a cause of action pursuant to § 1331 and Bivens.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED** without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 25th day of November, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE