IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

NATHANIEL SMITH THURSTON, JR.,

    Petitioner,

vs.                                     CIVIL ACTION NO.: CV209-046

DEBORAH A. HICKEY, Warden,
and BUREAU OF PRISONS,

    Respondents.

## ORDER

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Petitioner Nathaniel Smith Thurston, Jr. (Petitioner) asserts that his claim is properly brought under 28 U.S.C. § 2241, and that the Magistrate Judge violated the holding of Clisby v. Jones, 960 F.2d 925, (11th Cir. 1992), in failing to resolve all of his claims.

Petitioner cites five Supreme Court cases, which he asserts stand for the proposition that his claims are properly brought under 28 U.S.C. § 2241. The cases Petitioner cites are: Prieser v. Rodriguez, 411 U.S. 475 (1973), Wolff v. McDonnell, 418 U.S. 539 (1974), Heck v. Humphrey, 512 U.S. 477 (1994), Edwards v. Balisok, 520 U.S. 641 (1997), and Wilkinson v. Dotson, 544 U.S. 74 (2005). The cases cited by Petitioner concern either civil rights claims or habeas petitions brought by state prisoners pursuant to 28 U.S.C. § 2254. None of these cases stands for the proposition that a federal prisoner, who asserts he is subject to Eighth Amendment and Fifth Amendment Due

AO 72A
(Rev. 8/82)

Process violations from placement in a three-man cell, may properly bring a claim for monetary and injunctive relief under 28 U.S.C. § 2241—and for good reason. Claims in which prisoners assert that they are being subject to unconstitutional punishment not imposed as part of their sentence are civil rights, rather than habeas actions. See generally, Farmer v. Brennan, 511 U.S. 825 (1994); Abello v. Rubino, 63 F.3d 1063 (11th Cir. 1995).

Petitioner's reliance on the holding in Clisby v. Jones, 960 F.2d 925, (11th Cir. 1992), is also misapplied. Clisby instructs "the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254." Id. at 936. Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241; therefore, even if Petitioner's claim had been proper under 28 U.S.C. § 2241, Clisby would have no bearing.

Petitioner's Objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**, without prejudice, as Petitioner's claims fall under the purview of 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The Clerk of Court is directed to enter the appropriate judgment of dismissal.

SO ORDERED, this 14 day of December, 2009.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE